Receipt #062259

ORIGINAL

FILED
FEB 2 2005
U.S. COURT OF FEDERAL CLAIMS

ECF

# In the United States Court of Federal Claims

KAEPER MACHINE, INCORPORATED,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 05-183C

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### NATURE OF THE ACTION

1. Plaintiff Kaeper Machine, Incorporated, 8680 Twinbrook Road, Mentor, Ohio 44060-4341 (Kaeper Machine) seeks declaratory and injunctive relief under the Contract Disputes Act, 41 U.S.C. § 609(a)(1), and under the Federal Courts Administration Act of 1992, 28 U.S.C. § 1491(a)(2). Plaintiff challenges a decision of a Contracting Officer on October 12th, 2004, 41 U.S.C. § 605(a), a decision asserting a Government claim against Kaeper Machine, a Government claim as set out in the Disputes (July 2002) clause, Federal Acquisition Regulation [48 C.F.R.] 52.233-1(c), that the

Contracting Officer could properly terminate Purchase Order Number SPO750-04-M-9839 dated February 20th, 2004 on October 12th, 2004 as lapsed. Plaintiff asserts: (1) that Purchase Order Number SPO750-04-M-9839 was a unilateral offer to Kaeper Machine to purchase other than commercial items, *viz.* cast steel armor housing assemblies built to military specifications and drawings, Federal Acquisition Regulation [48 C.F.R.] 13.004(a); (2) that Purchase Order Number SPO750-04-M-9839 became an irrevocable option contract after Kaeper Machine proceeded with the work to the point that substantial performance had occurred, Federal Acquisition Regulation [48 C.F.R.] 13.004(b); *Davies Precision Machining, Inc. v. United States*, 35 Fed. Cl. 651, 658-59 (1996); (3) that the Contracting Officer's termination of Purchase Order Number SPO750-04-M-9839 on October 12th, 2004 was not made after a mandatory, first request from the Contracting Officer that Kaeper Machine accept the cancellation without a claim that costs had been incurred as a result of beginning performance under Purchase Order Number SPO750-04-M-9839, Federal Acquisition Regulation [48 C.F.R.] 13.302-4(b); and thus (4) by reason of this Contracting Officer's unlawful termination of Purchase Order Number SPO750-04-M-9839 as lapsed on October 12th, 2004, Kaeper Machine is entitled to be paid a percentage of

the agreed price of this irrevocable option contract, this reflecting the percentage of work performed by Kaeper Machine under Purchase Order Number SPO750-04-M-9839 prior to receipt of the notice of termination, plus reasonable charges that resulted from the termination, Federal Acquisition Regulation [48 C.F.R.] 13.302-4(a)(2), (b)(2), this the lawful and proper termination of Purchase Order Number SPO750-04-M-9839 under the Terms and Conditions—Simplified Acquisitions (Other Than Commercial Items) (January 2004) clause, Federal Acquisition Regulation [48 C.F.R.] 52.213-4(f), the termination to which Kaeper Machine is entitled.

PARTIES

2. Kaeper Machine is a for-profit Ohio corporation. Kaeper Machine is the awardee of Purchase Order Number SPO750-04-M-9839, and thus a proper "Contractor" under the Contract Disputes Act, 41 U.S.C. § 601(4). Purchase Order Number SPO750-04-M-9839 was issued on February 20th, 2004 by a Contracting Officer at Defense Supply Center Columbus, a field activity of the Defense Logistics Agency. Defense Logistics Agency is a United States Department of Defense agency. Defendants Defense Supply Center Columbus, Defense Logistics Agency, and the United States Department of Defense are agencies and entities of the United States, and the

United States Department of Defense is a proper "Executive Agency" under the Contract Disputes Act, 41 U.S.C. § 601(2). Purchase Order Number SPO750-04-M-9839 is an express unilateral option contract entered into by an Executive Agency for the procurement of property, and thus an Executive Agency Contract to which the Contract Disputes Act applies, 41 U.S.C. § 602(a)(1). Defendants Defense Supply Center Columbus, Defense Logistics Agency, and the United States Department of Defense are hereinafter referred to, collectively, as "the Defendant."

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. § 1491(a)(1) and 41 U.S.C. § 609-(a)(1). The decision by the Contracting Officer on October 12th, 2004 terminating Purchase Order Number SPO750-04-M-9839 for lapse is unlawful final agency action sufficient for purposes of general federal-question jurisdiction, 28 U.S.C. § 1331, is sufficiently final for the purposes of the Contract Disputes Act, 41 U.S.C. § 605(a) ("All claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer."), and is sufficiently final under 28 U.S.C. § 1491(a)(2) for this Civil Action seeking declaratory and injunctive relief, because this Civil Action arises, literally, from "a nonmonetary [dispute] on which a

decision of the contracting officer has been issued . . . ." *Record Steel and Construction, Inc. v. United States*, 62 Fed. Cl. 508, 520 (2004).

4. This Civil Action is timely filed. Kaeper Machine received the decision of the Contracting Officer unlawfully terminating Purchase Order Number SPO750-04-M-9839 on the day it was issued, October 12th, 2004, and this Civil Action is filed within one year from that date, 41 U.S.C. § 609(a)(3).

AVERMENTS

The Unilateral Purchase Order.

5. On February 20th, 2004 a Contracting Officer at Defense Supply Center Columbus issued Purchase Order Number SPO750-04-M-9839 to Kaeper Machine. As issued, Purchase Order Number SPO750-04-M-9839 was a unilateral offer subject to the Contract Disputes Act, 41 U.S.C. §§ 601-613. Purchase Order Number SPO750-04-M-9839 contained the Disputes (July 2002) clause, Federal Acquisition Regulation [48 C.F.R.] 52.233-1(c), a clause which provided that "this contract is subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613)."

6. Purchase Order Number SPO750-04-M-9839 required delivery of other than commercial items, *viz.* one-hundred forty-six cast steel armor housing assemblies

built to designated United States Army Tank-Automotive Command drawings and to be inspected in accordance with Department of Defense Handbook MIL-HDBK-1265, entitled "Radiographic Inspection, Classification and Soundness Requirements for Steel Castings," dated August 19th, 1998. Delivery was to be made on or before August 23rd, 2004. Inspection and acceptance of these one-hundred forty-six cast steel armor housing assemblies, other than commercial items was to be at origin, at Kaeper Machine's subcontractor for packaging, Forest City Companies, Incorporated, 3607 West 56th Street, Cleveland, Ohio 44102-5739. Upon delivery, Kaeper Machine was to be paid $858.00 for each of these cast steel armor housing assemblies, other than commercial item, or $125,268 total for one-hundred forty-six cast steel armor housing assemblies, other than commercial items.

7. Kaeper Machine offered a price reduction of $1,989 total for a delivery schedule extension from August 23rd, 2004 through October 11th, 2004. The Administrative Contracting Officer accepted this offer from Kaeper Machine and issued Modification Number A00001 to Purchase Order Number SPO750-04-M-9839.

Substantial Performance.

8. By September 14th, 2004 Kaeper Machine had substantially performed Purchase Order Number SPO750-04-M-9839. Forty-six cast steel armor housing assemblies, other than commercial items were submitted for inspection at the premises of Kaeper Machine's subcontractor, Euclid Machine, Incorporated, 34201 Melinz Parkway/Vokes Drive, Eastlake, Ohio 44095-4018, and the remaining one-hundred cast steel armor housing assemblies, other than commercial items were then complete with the exception of painting. The forty-six cast steel armor housing assemblies, other than commercial items tendered for inspection on September 14th, 2004 were rejected by a representative of the Administrative Contracting Officer because one piece of inspection equipment on the premises of Kaeper Machine's subcontractor, Euclid Machine, Incorporated, was found to be beyond the date established by Euclid Machine, Incorporated for re-calibration of this piece of inspection equipment. Euclid Machine, Incorporated was given notice of this problem on September 20th, 2004 and Euclid Machine, Incorporated responded to this notice on that day.

9. On September 23rd, 2004 Euclid Machine, Incorporated was given a corrected notice of rejection, a corrected notice explaining that it was the standard for the dial

bore gage, and not the dial bore gage itself, that was beyond the date established by Euclid Machine, Incorporated for re-calibration. Euclid Machine, Incorporated responded to this corrected notice on September 24th, 2004 stating that the dial bore gage standard, a "setting block," was within calibration at the time Euclid Machine had verified the accuracy of this dial bore gage standard. On September 30th, 2004 Euclid Machine, Incorporated was given an "Audit Checklist," and Euclid Machine, Incorporated provided a completed "Audit Checklist" on October 1st, 2004. A representative of the Administrative Contracting Officer visited Euclid Machine, Incorporated on October 4th, and again on October 6th, 2004 to review the "Audit Checklist."

10. Monday, October 11th, 2004, the revised date set for delivery by Kaeper Machine of the one-hundred forty-six cast steel armor housing assemblies, other than commercial items required under Purchase Order Number SPO750-04-M-9839, was Columbus Day, a Federal holiday. All of the one-hundred forty-six cast steel armor housing assemblies, other than commercial items required under Purchase Order Number SPO750-04-M-9839, were then complete, including painting. Euclid Machine, Incorporated, Kaeper Machine's subcontractor, was told by a representative of the Administrative Contracting Officer on Thursday, October 7th, 2004 that the one-

hundred forty-six cast steel armor housing assemblies, other than commercial items required under Purchase Order Number SPO750-04-M-9839 would be inspected at the premises of Euclid Machine, Incorporated on Tuesday, October 12th, 2004.

11. On Friday, October 8th, 2004 the Administrative Contracting Office wrote Kaeper Machine that if Kaeper Machine was "unable to meet this delivery schedule of Oct 11, 2004, the order will be canceled." The Administrative Contracting Officer did not explain just how inspection was to be accomplished on Monday, October 11th, 2004, a Federal holiday.

12. No representatives of the Administrative Contracting Officer arrived at Kaeper Machine, or at the premises of Kaeper Machine's subcontractor, Euclid Machine, Incorporated, on Monday, October 11th, 2004 to conduct an inspection of the one-hundred forty-six cast steel armor housing assemblies, other than commercial items required for delivery under Purchase Order Number SPO750-04-M-9839. All of these one-hundred forty-six cast steel armor housing assemblies, other than commercial items were complete.

13. No representatives of the Administrative Contracting Officer arrived at Kaeper Machine, or at the premises of Kaeper Machine's subcontractor, Euclid Machine,

Incorporated, on Tuesday, October 12th, 2004 to conduct an inspection of the one-hundred forty-six cast steel armor housing assemblies, other than commercial items required for delivery under Purchase Order Number SPO750-04-M-9839.

The Unlawful Termination.

14. On Tuesday, October 12th, 2004 the Defendants' Contracting Officer wrote Kaeper Machine that Purchase Order Number SPO750-04-M-9839:

> was an offer to purchase the supplies described therein provided that delivery was made by 10/11/2004. Since that date was not met, the Government's offer to purchase has lapsed. No delivery will be accepted by the Government under this order . . . .

Purchase Order Number SPO750-04-M-9839, Modification Number P00001, October 12th, 2004. Kaeper Machine received a facsimile of this Modification Number P00001 on the day that it was issued, Tuesday, October 12th, 2004.

COUNT I
THE CONTRACTING OFFICER'S TERMINATION OF
OCTOBER 12th, 2004 WAS UNLAWFUL
AND THEREFORE A MATERIAL BREACH.

15. Plaintiff incorporates and re-alleges paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

16. The Defendants' Contracting Officer's termination of Purchase Order Number SPO750-04-M-9839 as lapsed on October 12th, 2004 was unlawful because Purchase Order Number SPO750-04-M-9839 was by then, under Federal Acquisition Regulation [48 C.F.R.] 13.004(b), an irrevocable option contract, this due to Kaeper Machine's having proceeded with the work to the point that substantial performance had occurred.

17. The Defendants' Contracting Officer's termination of Purchase Order Number SPO750-04-M-9839 as lapsed on October 12th, 2004 therefore constituted a material breach of Purchase Order Number SPO750-04-M-9839. *Marketing & Management Information, Inc. v. United States*, 57 Fed. Cl. 665, 675 (2003).

COUNT II
THE DEFENDANTS' CONTRACTING OFFICER'S TERMINATION
COULD HAVE BEEN LAWFUL ONLY IF KAEPER MACHINE
HAD FIRST ACCEPTED A NO-COST TERMINATION.

18. Plaintiff incorporates and re-alleges paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

19. The Defendants' Contracting Officer's termination of Purchase Order Number SPO750-04-M-9839 on October 12th, 2004 could only have been lawful after the

Defendants' Contracting Officer had made a mandatory, first request that Kaeper Machine accept the cancellation without a claim that costs were incurred as a result of beginning performance under Purchase Order Number SPO750-04-M-9839, Federal Acquisition Regulation [48 C.F.R.] 13.302-4(b), and after Kaeper Machine had accepted this offer.

20. The Defendants' Contracting Officer did not offer Kaeper Machine a no-cost termination of Purchase Order Number SPO750-04-M-9839 before Purchase Order Number SPO750-04-M-9839 was terminated as lapsed on October 12th, 2004, and Kaeper Machine would not have accepted such an offer of a no-cost termination of Purchase Order Number SPO750-04-M-9839 had this offer been made because Kaeper Machine had by then incurred substantial costs as a result of beginning performance under Purchase Order Number SPO750-04-M-9839.

COUNT III
THE DEFENDANTS' CONTRACTING OFFICER'S TERMINATION OF OCTOBER 12th, 2004 MUST BE PROCESSED UNDER THE TERMS AND CONDITIONS—SIMPLIFIED ACQUISITIONS (OTHER THAN COMMERCIAL ITEMS) (JANUARY 2004) CLAUSE, FEDERAL ACQUISITION REGULATION [48 C.F.R.] 52.213-4(F).

21. Plaintiff incorporates and re-alleges paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

22. Under Federal Acquisition Regulation [48 C.F.R.] 13.302-4(a)(2), (b)(2), the Defendant's Contracting Officer's termination of Purchase Order Number SPO750-04-M-9839 on October 12th, 2004 could have been lawful only upon the Defendants' Contracting Officer's prior agreement to pay Kaeper Machine a percentage of the agreed price of this now irrevocable option contract, this payment reflecting the percentage of work performed by Kaeper Machine prior to receipt of the Contracting Officer's notice of termination, plus reasonable charges that resulted from the termination, this a lawful and proper termination of Purchase Order Number SPO750-04-M-9839 under the Terms and Conditions—Simplified Acquisitions (Other Than Commercial Items) (January 2004) clause, Federal Acquisition Regulation [48 C.F.R.] 52.213-4(f), the termination to which Kaeper Machine is entitled.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests: (a) that the Court declare as improper and unlawful the Defendants' Contracting Officer's termination of Purchase Order Number SPO750-04-M-9839 as lapsed on October 12th, 2004; (b) that this Court order the Defendants' Contracting Officer to proceed with the termination of Purchase Order Number SPO750-04-M-9839 under the Terms and Conditions—Simplified Acquisitions (Other Than Commercial Items) (January 2004) clause, Federal Acquisition Regulation [48 C.F.R.] 52.213-4(f); and (c) that this Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500
February 2nd, 2005

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: *lawyer@procurement-lawyer.com*

Attorney of record for Plaintiff,
Kaeper Machine, Incorporated.