IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KAEPER MACHINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-183C |
| v. | ) | |
| | ) | (Judge Firestone) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in the first sentence of paragraph 1, relating to plaintiff's place of incorporation, for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in paragraph 1 constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in the first sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation in the second sentence of paragraph 2, that Kaeper Machine was the awardee of Purchase Order Number SPO750-04-M-9839; the remaining allegations in the second sentence of paragraph 2 are plaintiff's conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations in the third sentence of paragraph 2 to the extent supported by the purchase order, which is the best evidence of its contents; otherwise denies the remainder of the allegations in the third sentence of paragraph 2. The allegations contained in the fourth, fifth, and sixth sentences of paragraph 2 constitute conclusions of law, to which no response is required; to the extent that they may be deemed

allegations of fact, they are denied. The allegations contained in the seventh sentence of paragraph 2 constitute plaintiff's characterization of its case to which no response is required.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in the first sentence of paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the remaining allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the purchase order cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the purchase order cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in this paragraph to the extent supported by the modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 7.

8. The allegations contained in the first sentence of paragraph 8 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 8. Admits the allegation contained in the third sentence of paragraph 8, that 46 armor housing assemblies were rejected by a representative of the

administrative contracting officer; denies the remaining allegations in the third sentence of paragraph 8. Denies the remaining allegations contained in paragraph 8.

9. Admits the allegation contained in the first sentence of paragraph 9, that Euclid Machine, Inc. was provided a revised corrective action request on September 23, 2004. Admits the allegation contained in the third sentence of paragraph 9, that Euclid Machine, Inc. was provided a "calibration check off list." Admits the allegation contained in the fourth sentence of paragraph 9, that a representative of the administrative contracting officer visited Euclid Machine, Inc. on October 4, 2004. Denies all remaining allegations contained in paragraph 9.

10. Admits the allegation contained in the first sentence of paragraph 10, that October 11, 2004 was a Federal holiday. Denies all remaining allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Denies.

13. Denies.

14. Admits the allegations contained in the first sentence and quoted materials of paragraph 14 to the extent supported by the letter and modification cited, which are the best evidence of their content; otherwise denies the remainder of the allegations contained in the first and second sentences of paragraph 14. Denies the allegations contained in the remainder of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Defendant incorporates by reference its responses to paragraphs 1 through 14, above.

16. The allegations contained in paragraph 16 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. Defendant incorporates by reference its responses to paragraphs 1 through 14, above.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Defendant incorporates by reference its responses to paragraphs 1 through 14, above.

22. The allegations contained in paragraph 22 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 22, or to any relief whatsoever.

24. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7586
Fax: (202) 514-7969

May 5, 2005

Attorneys for Defendant