IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KAEPER MACHINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-183C |
| v. | ) | |
| | ) | (Judge Firestone) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), the parties, Kaeper Machine, Inc. ("Kaeper") and the United States, respectfully submit this Joint Preliminary Status Report:

I. Answers To RCFC Appendix A Questions

1. Does The Court Have Jurisdiction Over The Action?

Plaintiff believes that the Court has jurisdiction to hear and decide this action under the Contract Disputes Act of 1978. Defendant has identified no reason to question the jurisdiction of the Court at this time.

2. Should the case be consolidated with any other case?

This case should not be consolidated with any other case.

3. Should Trial Of Liability And Damages Be Bifurcated And The Reasons Therefor?

Plaintiff is not seeking damages.

4. Should Further Proceedings In This Case Be Deferred Pending Consideration Of Another Case Before This Court Or Any Other Tribunal And The Reasons Therefor?

The parties know of no other matter that may impact these proceedings.

5. In Cases Other Than Tax Refund Actions, Will A Remand Or Suspension Be Sought And The Reasons Therefor And The Proposed Duration?

No remand or suspension is sought.

6. Will Additional Parties Be Joined And, If So, A Statement Describing Such Parties, Their Relationship To The Case, And The Efforts To Effect Joinder And The Schedule Proposed To Effect Joinder?

Neither party intends to join additional parties.

7. Does Either Party Intend To File A Motion Pursuant To RCFC 12(b), 12(c) Or 56 And, If So, A Schedule For The Intended Filing?

The Government believes that a motion pursuant to RCFC 56 may be appropriate upon the completion of discovery. Plaintiff agrees that this case may be ripe for dispositive motions.

8. What Are The Relevant Factual And Legal Issues?

A. Statement Of Relevant Facts

Kaper and the United States Defense Logistics Agency ("the DLA") entered into a contract on February 20, 2004 for the purchase of 146 cast steel armor housing assemblies for installation upon Mark 88 Tank Recovery Vehicles ("the contract"). These cast steel armor housing assemblies were other than commercial items. The contract specified that Kaeper would be paid $858 per unit and that they would be delivered within 185 days, which was August 23, 2004. The contract specified that the armor housing assemblies would be inspected and accepted at the place of origin, Kaeper's facility.

By letters dated July 18, 2004 and July 22, 2004, Kaeper requested that the inspection

and acceptance points be changed from Kaeper Machine to a facility owned by a separate company, Euclid Machine ("Euclid"). The contracting officer denied these requests by letter dated July 26, 2004. At the time of this denial, the contracting officer was aware that Euclid was under investigation by the Federal Government for fraud. Euclid and its owner were later convicted of fraud by the United States District Court for the Northern District of Ohio.

On August 4, 2004, Kaeper requested that the delivery date of 100 of the armor housing assemblies be delayed until October 11, 2004. On August 27, 2004, the parties entered a bilateral modification to the contract to permit the delivery of all 146 armor housings by October 11, 2004 in return for a payment of $1,989 to the Government by Kaeper.

On September 14, 2004, the Government's quality assurance specialist, Mr. Ed Takacs, rejected 46 armor housing assemblies that Kaeper had presented him at the Euclid facility. Mr. Takacs issued a corrective action request ("CAR") to Euclid regarding its calibration system on September 20, 2004 . He supplemented this CAR on September 23, 2004 because Euclid asserted it did not understand the problem. On September 24, 2004, Euclid responded to the CAR. Mr. Takacs was not satisfied with Euclid's response and met with Euclid representatives on October 4, 2004. On October 5, 2004, Mr. Takacs issued a new CAR to Euclid.

On October 6, 2004, Kaeper requested delivery of the 146 armor assemblies be extended to November 12, 2004 because it could not meet the October 11, 2004 date as a result of the October 5, 2004 CAR. On October 8, 2004, the contracting officer denied this request and informed Kaeper that the order would be cancelled if Kaeper did not meet the October 11, 2004 delivery date.

October 11, 2004 was a Monday, Columbus Day, and a Federal holiday. No inspector

arrived on Monday, October 11, 2004 to inspect the armor housing assemblies. No inspector arrived on Tuesday, October 12, 2004 to inspect the armor housing assemblies.

Kaeper did not deliver the 146 armor assemblies on October 11, 2004 and, on October 12, 2004, the contracting officer cancelled the purchase order for failure to deliver by the required delivery date.

B. Statement of Relevant Legal Issues

i. Kaeper alleges the following issue:

a) Whether the purchase order had become an irrevocable option contract by October 12, 2004 due to Kaeper having proceeded with the work to the point that substantial performance had occurred?

ii. The Government alleges the following issues:

a) Whether the purchase order lapsed as a result of Kaeper's failure to deliver the armor assemblies by the delivery due date.

b) Whether Kaeper's failure to deliver the armor assemblies by the delivery due date was excusable.

9. What Is The Likelihood Of Settlement? Is Alternative Dispute Resolution Contemplated?

Although settlement is always a possibility, the parties are not yet able to determine the likelihood of settlement. At this point alternative dispute resolution is not contemplated.

10. Do The Parties Anticipate Proceeding To Trial?

The parties propose a period of discovery to conclude on December 31, 2005. If dispositive motions or alternative dispute resolution are appropriate at that time, the parties will

so notify the Court. In the event that the case proceeds to trial, it is believed that Washington, DC would be the most appropriate location.

11. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs.

12. Is there other information of which the Court should be aware at this time?

The parties do not believe the Court needs to be aware of any additional information.

CONCLUSION

The parties respectfully request that the Court approve of the schedule proposed above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, DC 20530
Tele: (202) 305-7586
Fax: (202) 514-7969

June 22 , 2005

Attorneys for Defendant

s/ Cyrus E. Phillips, IV
CYRUS E. PHILLIPS, IV
1828 L Street, NW
Suite 660
Washington, DC 20036
Tele: (202) 466-7008
Fax: (202) 466-7009

June 22, 2005

Attorney for Plaintiff