# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **KAEPER MACHINE, INCORPORATED,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 05-183C** |
| | ) | **Judge Nancy B. Firestone** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff, Kaeper Machine, Incorporated, 8680 Twinbrook Road, Mentor, Ohio 44060-4341 (Kaeper Machine), in compliance with RCFC 56(h)(2) files this Opposition to Defendant's Cross-Motion for Summary Judgment.

What did the Procuring Contracting Officer at Defense Supply Center Columbus know on July 22nd, 2004 that neither Kaeper Machine nor its subcontractor, Euclid Machine knew? The Procuring Contracting Officer knew that any goods delivered under Purchase Order Number SP0750-04-M-9839 would not be placed in stock

ready-for-issue and this even though the goods had been inspected and accepted by the Quality Assurance Representative. Instead, the goods would be set-aside on a shelf (placed under a “freeze code”). While Defendant does not necessarily agree that Kaeper Machine and Euclid Machine did not know that the goods would be set-aside on a shelf even if the goods were delivered, Defendant’s Response to Plaintiff’s Proposed Finding of Uncontroverted Fact Number 7, Defendant can point to no other evidence or document which shows that either Kaeper Machine or Euclid Machine knew that any goods they managed to produce, get through source inspection, and then deliver were not going to be used.

And neither is there any evidence that Euclid Machine knew at any time from July through October 1994 (the relevant time period) that the same goods Euclid Machine had produced on a prior Purchase Order had been found, after receipt, to be defective. Plaintiff’s Response to Defendant’s Proposed Finding of Uncontroverted Fact Number 9.

So the Procuring Contracting Officer had made herself biased—her self-interest required that she find a way to avoid any payment obligation under Purchase Order Number SP0750-04-M-9839. At the same time Kaeper Machine and Euclid Machine

were under an obligation to incur the time, expense, and effort required to assure delivery of the goods on or before the agreed delivery date.

When Kaeper Machine and Euclid Machine obtained a time extension, this through Monday, October 11th, 2004 by which the goods were to be delivered, not one of the Defendant's minions told them that the goods were going to be set-aside on the shelf upon receipt without any regard to the time, expense, and effort that would be required by Kaeper Machine, and by Euclid Machine, to make the agreed extended delivery date. And, as it turned out, the agreed extended delivery date was a Federal holiday, a day when Federal personnel would be at home, and not on official duty.

We are here because the goods were not delivered on or before the agreed extended delivery date and the issue is whether, or not, Defendant can now insist that Plaintiff's non-delivery by the agreed extended delivery date allows Defendant to be excused from the payment obligation for the goods that Defendant undertook under Purchase Order Number SP0750-04-M-9839. The question is equitable estoppel, i.e. did something happen that caused Kaeper Machine and Euclid Machine to "reasonably infer" that Defendant would not insist on being excused from its payment obligation if the goods were not delivered on Monday, Columbus Day, October 11th, 2004?

Yes, things did happen, and yes, Kaeper Machine and Euclid Machine had good cause to think that Defendant would not be released from its payment obligation if the goods were not delivered on Columbus Day.

It took from Tuesday, September 14th, 2004 until Tuesday, October 5th, 2004 for the Quality Assurance Representative to explain to Euclid Machine the Quality Assurance Representative' concerns with Euclid Machine's record-keeping. And then the Quality Assurance Representative gave Euclid Machine until Tuesday, October 19th, 2004, well after the agreed extended delivery date, to explain to the Quality Assurance Representative just how Euclid Machine would conform its record-keeping to comply with the Quality Assurance Representative's concerns. Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Fact Numbers 12 and 15.

The Quality Assurance Representative was not available to respond to Euclid Machine's requests for on-site examination on Friday, October 8th, 2004; on Monday, October 11th, 2004; or on Tuesday, October 12th, 2004. Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Fact Number 22. While the Quality Assurance Representative could not be available on these days, at the same time the only date of consequence to the Procuring Contracting Officer was Monday, October 11th,

2004 the agreed extended delivery date—the Procuring Contracting Officer did not want performance and needed to find an excuse to declare Purchase Order Number SP0750-04-M-9839 as cancelled, else terminated.

Another way to judge whether or not it was reasonable for Kaeper Machine and Euclid Machine to think that delivery of the goods on Columbus Day would not result in cancellation/termination of Purchase Order Number SP0750-04-M-9839 is to look at Euclid Machine's actions after the agreed extended delivery date, Monday, Columbus Day, October 11th, 2004 had passed:

(1) on Tuesday, October 12th, 2004 Euclid Machine telephoned the Quality Assurance Representative and asked for an on-site visit the following day, Wednesday, October 13th, 2004 and the Quality Assurance Representative agreed to come to the plant on that day; and

(2) on Tuesday, October 19th, 2004 the date established by the Quality Assurance Representative as the date for Euclid Machine to respond to the second revised Corrective Action Request of Tuesday, October 5th, 2004 Euclid Machine telephoned the Quality Assurance Representative and told him that Euclid Machine was "ready to

meet to close the CAR." Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Fact Number 26.

If Euclid Machine were not reasonably relying on the promised due date of Tuesday, October 19th, 2004 for its response to the second revised Corrective Action Request of Tuesday, October 5th, 2004 then why did Euclid Machine bother to call the Quality Assurance Representative? The answer is obvious—Euclid Machine was reasonably relying on this promised due date of Tuesday, October 19th, 2004 and it this reasonable reliance that now equitably estops Defendant from imposing on Plaintiff any legal consequence arising from Plaintiff's non-delivery of the goods on or before the agreed extended delivery date, Monday, Columbus Day, October 11th, 2004.

Plaintiff thus asks, again: (a) that the Court declare as improper and unlawful the Defendants' Procuring Contracting Officer's termination of Purchase Order Number SPO750-04-M-9839 as lapsed on Tuesday, October 12th, 2004; (b) that this Court order the Defendants' Procuring Contracting Officer to proceed with the termination of Purchase Order Number SPO750-04-M-9839 under the Terms and Conditions—Simplified Acquisitions (Other Than Commercial Items) (January 2004) clause, Fed-

eral Acquisition Regulation [48 C.F.R.] 52.213-4(f); and (c) that this Court grant such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
September 27th, 2006

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Kaeper Machine, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Wednesday, September 27th, 2006 a true and complete copy of this Plaintiff's Opposition to Defendant's Cross-Motion for Summary Judgment was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

J. Reid Prouty, Esq.

Electronic Mail: J.Reid.Prouty@usdoj.gov

Attorney of record for Defendant,
Defense Supply Center Columbus.

/s/ Cyrus E. Phillips, IV

__________________________
Cyrus E. Phillips, IV

Attorney of record for Plaintiff,
Kaeper Machine, Incorporated.